**Gurjit Singh DHALIWAL, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 05–74084.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 5, 2009.*

Filed Oct. 14, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2)(C).

Surjit Singh, Esq., Law Office of Surjit Singh, APC, Anaheim, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Joan E. Smiley, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: RYMER and TASHIMA, Circuit Judges, and ADELMAN,** District Judge.

## MEMORANDUM ***

Gurjit Singh Dhaliwal, a native and citizen of India, petitions for review of the decision of the Board of Immigration Appeals ("BIA") dismissing his appeal from the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

### BACKGROUND

After holding four hearings on this case, the IJ initially made an adverse credibility determination and denied Dhaliwal's petitions for relief. Dhaliwal appealed the IJ's decision to the BIA and noted that a portion of the transcript of one of the hearings before the IJ was missing. The BIA returned the case to the IJ for preparation of a complete transcript. The IJ held a fifth hearing to supplement the record, reiterated his adverse credibility determination, and certified the case to the BIA. The BIA upheld the IJ's denial of relief on the basis of an adverse credibility determination and dismissed Dhaliwal's appeal.

### JURISDICTION

■ We have jurisdiction to review only those issues that Dhaliwal raised on appeal to the BIA, thereby exhausting all available administrative remedies. 8 U.S.C. § 1252(d)(1) (2006); *see Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004) (noting that this Court does not have subject matter jurisdiction over claims not presented in administrative proceedings below). Because Dhaliwal did not challenge the IJ's denial of withholding or protection under the CAT in his appeal to the BIA, we lack subject matter jurisdiction over them. *Id.*

■ Nor do we have jurisdiction over Dhaliwal's challenge to the BIA's finding

** The Honorable Lynn S. Adelman, United States District Judge for the Eastern District of Wisconsin, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

that the supplementary transcript prepared by the IJ completed the record. *Id.* Dhaliwal's passing reference to this issue in his brief to the BIA "did not provide the BIA with notice of the issue[ ] [Dhaliwal] now presents to us" regarding the alleged inadequacy of the transcript and was therefore insufficient to exhaust his administrative remedies. *Zara v. Ashcroft,* 383 F.3d 927, 931 (9th Cir.2004).

We do have jurisdiction, however, over Dhaliwal's challenge to the IJ's adverse credibility determination pursuant to 8 U.S.C. § 1252, because that claim has been exhausted in his appeal to the BIA.

### DISCUSSION

■ " 'We review the BIA's findings of fact, including credibility findings, for substantial evidence and must uphold the BIA's finding unless the evidence compels a contrary result.' " *Tekle v. Mukasey,* 533 F.3d 1044, 1051 (9th Cir.2008) (*quoting Almaghzar v. Gonzales,* 457 F.3d 915, 920 (9th Cir.2006)). Because a reasonable factfinder could have concluded that Dhaliwal's testimony was not credible, we deny his petition.

There are two primary inconsistencies in Dhaliwal's testimony that support the IJ's adverse credibility determination. First, Dhaliwal testified that he maintained long hair in the Sikh tradition until it was cut for the first time by the police during his arrest and detention in November 2001. This assertion was contradicted by his driver's license, dated March 1998, which pictures him with short hair. This inconsistency was significant and struck at the heart of Dhaliwal's claim because it called into question the veracity of his claims about his arrest and treatment by the police. Second, Dhaliwal's attempts to resolve this inconsistency by presenting numerous contradictory stories about how

the license picture had been changed in 2001, further damaged his credibility.

The IJ's adverse credibility determination was supported by substantial evidence in the record, and we affirm it.

The petition for review is dismissed in part and denied in part.